**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

MOTHER, LLC.,

Plaintiff,

v.

L.L. BEAN, Inc.,

Defendant.

**Case No.** C06-5540 JKA

**ORDER ON DEFENDANT'S SECOND MOTION FOR DISCOVERY SANCTIONS**

This matter comes before the court on L.L. Beans' Second Motion for Discovery Sanctions (Doc.42). The court has considered plaintiff's Brief in Opposition (Doc.46) and defendant's Reply (Doc.49), as well as the files and records herein.

The controversy arises out of defendant's claim that plaintiff violated this court's order of April 6, 2007 (Doc.24)(hereinafter referred to as "court's order"), wherein the court specifically ordered, in part, as follows:

> 1. Mother shall produce all electronically stored information regarding its finances (including sales, financial statement data, and data relating to its claimed damages) that Mother has not already produced; said production shall be completed on or before April 16, 2007.

It appears undisputed that plaintiff's response was in the form of the four documents described on page 2 of 11, at lines 19-23 in defendant's motion (Doc.42) delivered April 17, 2007. Because full documentation has not been provided earlier, the court had authorized the continuing deposition of plaintiff's president, Martin Grabijas, to follow compliance with the directive that plaintiff supply "all the electronically stored information" described above. In anticipation of the continuing deposition scheduled for July 10, defense counsel alerted plaintiff's counsel by way of a June 21 email that the four pages referenced above did not

constitute full compliance with the court's order. Plaintiff's counsel did not respond. At the July 10 deposition Martin Grabijas essentially acknowledged that the information furnished was in "summary form" and that he would be "happy to provide any additional information at any time." In response to the deposition inquiry by defense counsel regarding the alleged undisclosed information, Grabijas responded that "you've got the data, you could have pulled it together" referring to plaintiff's vendor files which had earlier been disclosed. Thereafter, this motion for sanction was filed. Specifically, the defendant asks that plaintiff be found to be in violation of the court's order and be sanctioned by way of the court dismissing all damage claims.

Plaintiff responds to the motion for sanctions essentially claiming that (1) there was no violation of the court's order because the information defendant claims to be undisclosed could be calculated from the distributor/vendor files and other documents that were previously disclosed, and (2) plaintiff's willingness to forego the claim for lost profits and to proceed only with the disgorgement claim makes the issue of compliance moot and non-prejudicial to defendant. The court addresses these issues as follows:

**1. Did plaintiff violate the April 6, 2007 order directing production of "all electronically disclosed data"?** Had plaintiff's counsel responded to the June 21 email and suggested to defense counsel that all information was available to defendant in the materials already disclosed, the matter could have been resolved prior to the July 10 deposition, with court intervention if necessary. To announce at the deposition, and then only in response to questions seeking an explanation for failure to disclose, that the information in the form requested by defendant was unnecessary because defendant could calculate the content of the missing information from other data is disingenuous at best. It is important to remember that this was a continuing deposition required by an earlier failure of plaintiff to disclose. Accordingly, the court finds that plaintiff failed to comply with the court's order of April 6, 2007 granting in part defendant's motion to compel and awarding sanctions.

**2. What sanction(s) should the court impose?** Plaintiff suggests that the need for a sanction is moot based on the willingness to forego any damage claim for plaintiff's "lost profits" and to pursue only the claim for "disgorgement" (defendant's profits). Defendant asserts that the claim for disgorgement necessarily requires plaintiff to establish that defendant earned some profits from the sale of an infringing product in an infringing market. Alleging that the parties share different marketing channels, defendant suggests a need for the requested financial information to counter plaintiff's attempts to prove damages in an overlapping market. Defendant relies on *Lindy Pen Co., Inc. V. Bic Pen Corp.*, 9882 F.2d 1400, 1408 (9th Cir.1993), where the

court discusses the plaintiff's burden with regard to a disgorgement claim.

The Ninth Circuit developed criteria for the court to consider in determining the appropriate sanction in the event of a discovery abuse in *Wanderer v. Johnston* 910 F.2d 652, 656 (9th Cir. 1990). The court is to consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. This court concurs with plaintiff's argument that factors (1) and (2) typically favor sanctions, and that factor (4) at the least mitigates the harshness of the sanction. The court is therefore left to weigh in with regard to the risk of prejudice to the defendant and the availability of less serious sanctions. Because the court is not familiar with the particular evidence supporting plaintiff's damage claim for disgorgement, it is difficult to ascertain the degree of validity the court should place on defendant's argument regarding the need for the undisclosed information as it may relate to the "infringement" issue. There is however, the potential for prejudice. Plaintiff submits that less serious sanctions may be imposed by accepting plaintiff's offer to abandon all claims for plaintiff's lost profits, although the tenor of plaintiff's proposal suggests that it has chosen to proceed on that basis voluntarily, and it's utilization as a sanction, standing alone, appears to be weak.

**ORDER**

Accordingly, the court finds that the plaintiff violated the terms and conditions of Order Granting in Part L.L. Bean's Motion for Sanctions and to Compel dated April 6, 2007. Pursuant to FRCP 37(b)(2) the court orders as follows:

1. Plaintiff's claim for loss of profits is stricken from the complaint;
2. Plaintiff shall pay reasonable expenses, costs, and attorneys fees incurred by defendant in bringing this motion for Discovery Sanctions. If the parties cannot resolve the amount within 10 days, defendant is to file a motion setting forth with particularity the amount claimed.

Dated this 7th day of August 2007

**/s/ J. Kelley** Arnold

J. Kelley Arnold, U.S. Magistrate Judge