**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

MOTHER, LLC,

                Plaintiff,

     v.

L.L. BEAN, Inc.,

                Defendant.

**Case No.** C06-5540 JKA

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

This matter comes before the court on Defendant's Motion for Attorneys' Fees. Defendant's motion is made pursuant to Fed. R. Civ. P. 54(d)(2). The court has considered defendant's motion, plaintiff's response and defendant's reply (Docs# 102 through 110), as well as the files and records herein, including all evidence produced at trial. Defendant's Cost Bill (Doc#100) will be addressed separately by the Clerk of Court.

This case was initiated by plaintiff claiming trade dress infringement in violation of the Lanham Act. The court is well familiar with the legal issues and facts in this matter. At the close of plaintiff's case the court granted defendant's motion for judgement as a matter of law. As noted by both counsel in briefs submitted regarding this motion for attorneys' fees, , 15 U.S.C. 1117(a) provides in part as follows: "the court in ***exceptional cases may*** award reasonable attorney fees to the prevailing party"(Emphasis Supplied). Defendant is the prevailing party.

Defendant cites *Stephen W. Boney, Inc. v. Boney Servs., Inc*., 127 F.3d 821, 827 (9th Cir. 1997) for the proposition that "when a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorneys' fees to the defendant." This court has reviewed all

cases cited by both counsel, as well as all cases annotated at 15 U.S.C. 1117(a) including the 2007 pocket supplement. Generally speaking, appellate courts have noted that the matter is discretionary with the trial court and have set the bar fairly high with regard to what constitutes "exceptional." This court takes particular note of the language in an older case, *Sanford Research v. Eberhard,* 379 F.2d 512 (C.A. Ill. 1967), wherein the court considered "dominating reasons for justice" in determining what constitutes an "exceptional" case for attorneys fees.

The parties have reasserted their arguments submitted in support of and in response to the pretrial motion for summary judgment as well as the motion for judgment at the end of the plaintiff's case. Largely, these arguments relate to the quality of plaintiff's evidence. The court is reminded that there were pretrial discovery issues which resulted in sanctions. Nonetheless, the parties were well prepared for trial, and the Pre-Trial Order well established how the trial would proceed without surprises.

The court found this case distinguishable from many, in that the parties had entered into a contractual arrangement regarding the sale and marketing of the plaintiff's upland hunting vest by defendant. Defendant's conduct was more than suspect from an equitable perspective, but because Congress was careful not to stifle competition, the plaintiff had a significant burden in establishing a prima facie case of trade dress infringement. The court's oral opinion sets forth the basis for granting the defendants' motion at the end of the plaintiff's case and need not be repeated here. It was not based on allegations which were vexatious and/or made in bad faith. This case was, in fact, one of few where where equity and empathy favored the plaintiff and in the final analysis the law favored the defendant.

<u>Defendants Motion for Attorneys Fees is denied.</u>

Dated this 26th day of October 2007.

**/s/  J. Kelley  Arnold**
   **U.S. Magistrate Judge**